**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4318**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

OLIVER W. JOHNSON, JR.,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:07-cr-00173-FDW-3)

———————

Submitted: March 31, 2011          Decided: April 11, 2011

———————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oliver Johnson pled guilty, pursuant to a written plea agreement, to conspiracy to defraud the United States, 18 U.S.C. § 371 (2006), and mail fraud and aiding and abetting same, 18 U.S.C. §§ 2, 1341 (2006), and was sentenced to a total term of 100 months of imprisonment. He noted a timely appeal. Johnson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions the reasonableness of Johnson's sentence. Specifically, counsel argues that: (1) the government failed to prove the amount of loss attributable to Johnson; (2) the government failed to prove that the loss was foreseeable to Johnson; and (3) the district court erred in assigning a two-level enhancement for abuse of a position of public trust. Although advised of his right to file a supplemental pro se brief, Johnson has not done so. Finding no error, we affirm.

The guidelines provide that the amount of loss for purposes of sentencing enhancements is the greater of the actual loss or the intended loss. U.S. Sentencing Guidelines Manual (USSG) § 2B1.1 cmt. n.3(A) (2008). The amount of loss is a factual determination reviewed for clear error. United States v. Loayza, 107 F.3d 257, 265 (4th Cir. 1997). A sentencing court makes a "reasonable estimate of the loss, given

2

the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003) (internal quotation marks omitted); see USSG 2B1.1, cmt. n.3(C). A sentencing enhancement need only be supported by a preponderance of the evidence. Miller, 316 F.3d at 503. "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense . . . and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur[.]" USSG § 2B1.1, cmt. n.3(A)(ii). The intended loss amount may be used to determine a sentence, "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." Miller, 316 F.3d at 502.

Here, the district court determined that the amount of loss (both intended and actual) was $2,565,580.31. This finding was based on the evidence and testimony of FBI Agent Mike McNeely, who testified at Johnson's sentencing hearing that the loss was calculated by totaling the loan amounts on inflated properties and their actual fair market value—i.e., the "profit" realized by the members of the conspiracy. According to Agent McNeely, the estimate of loss was a conservative one because it included only those transactions in which Johnson was directly involved between October 2002 and June 2003, even though the conspiracy continued through March 2005. Also, the loss amount

3

did not include two additional transactions in which Johnson later admitted his involvement.

We find no clear error in the district court's determination of the loss amount attributable to Johnson nor in the court's conclusion that these losses were reasonably foreseeable to him.

With respect to the enhancement for abuse of a position of trust, we review de novo a district court's legal interpretation of whether a defendant abused a position of trust under USSG § 3B1.3 and review its factual findings for clear error.  United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005).  Section 3B1.3 provides that a defendant's offense level should be increased by two levels "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense."  Accordingly, the enhancement applies if "the defendant abused a position of trust and that abuse significantly contributed to the commission or concealment" of the underlying offense.  United States v. Akinkoye, 185 F.3d 192, 203 (4th Cir. 1999).

The enhancement was applied here because Johnson, a former attorney, acted pursuant to a power of attorney in the closing of two fraudulent mortgage loans.  We find no error in

4

the district court's conclusion that Johnson's position and conduct warranted the enhancement.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5